**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHULING ZHANG,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 06-73139

Agency No. A095-448-266

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 4, 2010
Pasadena, California

Before: HALL, FISHER, and BYBEE, Circuit Judges.

Petitioner, Shuling Zhang, is a native and citizen of China who entered the

United States without inspection. Zhang filed an application for asylum, withholding

of removal, and protection under the Convention Against Torture. The Immigration

Judge ("IJ") denied Zhang's asylum application as untimely, and denied her other

claims based on an adverse credibility finding as well as failure to demonstrate that

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

she would likely be persecuted or tortured if removed to China. The Board of Immigration Appeals ("BIA") affirmed. Zhang timely filed a petition for review and we deny the petition.

Where the BIA adopts the IJ's decision, "we review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir. 2004). "We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's finding unless the evidence compels a contrary result." *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.), *amended by* 339 F.3d 1012 (2003).

Zhang's adverse credibility finding was based on (1) her inability to correctly answer certain questions about Christianity, (2) her demeanor while answering questions regarding her faith, and (3) several inconsistencies in her testimony and documentary evidence. If even "'one of the identified grounds is supported by substantial evidence and goes to the heart of [Zhang's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.'" *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (alteration added) (quoting *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003)).

Although it is not necessarily unfair for an IJ to explore a petitioner's understanding of her religion, *see Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir.

2008), Zhang's incorrect answers to questions about the tenets of Christianity have only limited import, if any, to her credibility. One can adhere to a religion without being able to articulate answers to all questions about it. *See id.* However, we need not consider the bearing of Zhang's answers on her credibility because there is sufficient evidence other than these answers to support the adverse credibility finding.

First, the IJ had the opportunity to evaluate Zhang's demeanor in person. The IJ noted that Zhang was visibly nervous, shifted repeatedly in her chair, and began crying in the middle of cross-examination after having been giggling and smiling a few minutes earlier. We give "'special deference' to a credibility determination that is based on demeanor." *See Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) (internal quotation marks omitted). Under this deferential standard, Zhang's demeanor provides substantial evidence to support an adverse credibility finding.

Second, the IJ noted many inconsistencies in Zhang's testimony that go to the heart of her claim. For instance, Zhang provided inconsistent evidence regarding where she was arrested, and failed to mention until the end of her cross-examination that she was under daily police surveillance. These inconsistencies deprive Zhang's claim of "the requisite 'ring of truth.'" *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005).

Given the deference we accord to the IJ's demeanor findings, as well as the inconsistencies in Zhang's story, the record does not compel the conclusion that the adverse credibility finding was in error.

Zhang also argues that the agency erred by concluding that her asylum application was untimely. Because the adverse credibility finding is supported by substantial evidence, any error in the agency's failure to consider a declaration offered by Zhang regarding the date of her arrival is harmless.

The petition for review is **DENIED**.